## 13082.   MAYOR & ALDERMEN OF SAVANNAH *v.* KOPS.

No right to recover for services to the city as an architect was shown by the allegations of the plaintiff's petition, and the court erred in not sustaining a general demurrer to the petition.
DECIDED JULY 11, 1922.

Complaint; from city court of Savannah — Judge Freeman. November 10, 1921.

*Shelby Myrick, Edwin A. Cohen,* for plaintiff in error.

*Travis & Travis,* contra.

PER CURIAM. 1. Kops sued the Mayor and Aldermen of the City of Savannah. His right to recover as an architect is based upon the following resolution passed by the mayor and aldermen: " That the market committee be and it is hereby authorized and empowered to contract with an architect to draw up and prepare a preliminary statement and estimate of probable cost of making the contemplated improvements to the city market, as outlined to him by said committee, and to pay him therefor the sum of one hundred dollars. Such contract with the architect is to contain the condition, that should council determine to proceed with the work at any time, then and in that event he must draw up the preliminary plans, working drawings, specifications, large sized details, and also superintend the erection of the work to completion, under the terms and conditions as given in the circular of the American Institute of Architects, giving the professional practice of architects and schedule of proper minimum charges, as revised at the Washington Convention, December 15-17, 1908, and amplified in the Standard Form of Agreements between owner and architect, second edition, copyright 1917, by the American Institute of Architects, Washington, D. C.; and said sum of one hundred dollars is hereby appropriated out of the city treasury for the purpose above set out, and the city comptroller is hereby directed to draw voucher for said sum when requested so to do by said market committee." The petition alleges that he, Kops, was selected as the architect, by reason of said resolution. The petition alleges, that, as provided in the resolution, he prepared the preliminary statement and estimate of probable cost of making the contemplated improvements to the city market, and that he had been paid his fee of $100 therefor. The petition further alleges, that the council passed a resolution approximately one year thereafter as follows: " That the director of public works of said city be and he is hereby directed to advertise for sealed bids from contractors for the following work upon and in the city market of Savannah, according to plans and specifications on file in the office of the director of public works, to wit: Flooring

over areas with tile on floor, enclosing market with vestibules at all doors, panneled wood work with plate glass, tiling the walls and columns 6 inches above floor, repairing roof with Redy Cote, plastering the vaults on south half of market basement, flooring same vaults, also aisles; plastering walls of market above tile; copper fly screens for opening in roof, six toilets on outside of market, repairing railing and steps. Be it further resolved, that the said advertisement be published for a period of ten days, and that it shall also provide that said bids will be received at said office of the director of public works at any time before 12 o'clock on the 30th day of June, 1920, with the right of the mayor and aldermen to reject any and all bids. Be it further resolved, that the said bids shall be opened and considered at the meeting of council of June 16, 1920." The petition further alleges that the plaintiff was advised by the chairman of the market committee of council of the passage of said resolution, and that directions were orally given by him to prepare plans and specifications, and to file them with the director of public works, which he did. The mayor and aldermen then passed the following resolution: " That the board of purchase be and it is hereby authorized to advertise for proposals for furnishing material and doing the following work on the city market, in accordance with plans and specifications on file in the office of board of purchase, City Hall, Savannah: Flooring over areas with tile on floor, enclosing market with vestibules at all doors, paneled wood work with plate glass, tiling walls and columns. six inches above floor, repairing roof and coating all parts of roof with liquid paint, roof cement or plaster; plastering the vaults on south half of market basement; flooring such vaults, also aisles; plastering walls of market above tile; copper fly screens for opening in roof, six toilets on outside of market, repairing railings and steps."

It appears that no bids were received under the resolution adopted and passed by council at its meeting on May 19, 1920, authorizing advertisement for bid for said work and material. It is alleged that the plans and specifications referred to in said resolution were the plans and specifications prepared by petitioner in accordance with the directions of the chairman of said committee. It is further alleged that bids were advertised for furnishing material for doing the work on the city market as was

shown, and according to the plans and specifications filed by him. It is alleged that the foregoing resolutions and the advertisements constituted a determination on the part of council to proceed with the work as contemplated by the resolution which authorized the employment of petitioner as an architect. The petition alleges that in response to the advertisements for bids, the lowest bid was $85,000. The petition further alleges that the mayor and aldermen abandoned the execution of the work contemplated. The plaintiff seeks to recover for his services, which, as he alleges, were fixed and determined by the resolution of July 16, 1919, it being alleged that his fees were fixed under the terms and conditions as given in the circular of the American Institute of Architects, and as referred to in said resolution. A general demurrer to the petition was overruled, and the defendant excepted.

It was error to overrule the demurrer. It is not alleged that upon authority of the mayor and aldermen of the city of Savannah the market committee contracted with the plaintiff for any additional plans or estimates other than the estimate for which he was paid. It is not alleged that the plaintiff prepared any specifications, other than those for which he was paid, prior to the resolution which directed an advertisement for bids. It is not shown by the petition that any proper resolution " to proceed with the work " was ever passed by the city. Under our view of the resolution authorizing the employment of an architect, it would have been necessary for the city to express by proper resolution its intention to proceed with the work, and for a contract to be duly entered into by the proper authority with the plaintiff, in accordance with the resolution.

*Judgment reversed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*